Khatskevich v Victor
2026 NY Slip Op 03633
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Yevgeniya Khatskevich, Plaintiff-Respondent,
v
Adam Victor, et al., Defendants, Manhattan Place Condominium, Defendant-Appellant.

Decided and Entered: June 09, 2026
Index No. 151658/14|Appeal No. 6830|Case No. 2025-03123|
Before: Friedman, J.P., Pitt-Burke, Rosado, Michael, JJ.

Littler Mendelson, P.C., New York (Joseph E. Field of counsel), for appellant.
Law Offices of John T. Brennan, Brooklyn (John T. Brennan of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about November 4, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to reargue the motion of defendant Manhattan Place Condominium (MPC) for summary judgment dismissing the complaint as against it, and, upon reargument, vacated so much of its prior order as dismissed the cause of action for sexual harassment under the New York City Human Rights Law (the City HRL) (the fifth cause of action) as against MPC and reinstated that cause of action as against MPC, unanimously reversed, on the law, without costs, and that cause of action dismissed as against MPC.
Defendant Adam Victor served as the president of MPC's Board of Managers from around 2000 until 2019, and during the relevant period, plaintiff was Victor's administrative assistant. In February 2014, plaintiff commenced this action against Victor, his various companies, and MPC, alleging causes of action for, among other things, sexual harassment, retaliation, and aiding and abetting sexual harassment under the City HRL (see Administrative Code of City of NY § 8-107). In its original order, dated March 4, 2024, Supreme Court dismissed the complaint in its entirety as against MPC, finding with respect to the cause of action for sexual harassment that the record presented no issue of fact as to whether MPC was plaintiff's employer. Upon reargument, the court adhered to its decision that there was no issue of fact as to whether plaintiff was employed by MPC; however, the court found there was an issue of fact as to whether Victor was MPC's agent such that his alleged acts of sexual harassment against plaintiff would be imputed to MPC under the City HRL.
The sexual harassment cause of action should have been dismissed as against MPC regardless of whether Victor was MPC's agent (see e.g. Victor v Khatskevich, 241 AD3d 412, 412 [1st Dept 2025]. As the court found in its original order and reiterated in the order on appeal, the record presented no issues of fact as to whether plaintiff was employed by MPC. Even assuming that Victor was MPC's agent, the agency relationship alone, without a finding that MPC was plaintiff's employer, would not be sufficient to
impute liability to MPC for Victor's alleged acts against plaintiff (see Doe v Bloomberg, L.P., 36 NY3d 450, 460 [2021]; see also Nezaj v PS450 Bar and Restaurant, 719 F Supp 3d 318, 329 [SD NY 2024]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026